UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KYLE THOMAS ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:10-0663 |
| ] | Judge Campbell |
| STEWART COUNTY SHERIFF'S ] | |
| DEPARTMENT, et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Stewart County Detention Facility in Dover, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Stewart County Sheriff's Department and John Vinson, Sheriff of Stewart County, seeking injunctive relief and damages.

On July 6, 2010, the plaintiff suffered an injury to his hand. He complains that "No one certified in the medical profession assessed my injury."

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Stewart County, the municipal entity that operates the Detention Facility. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Stewart County or its agent, the Stewart County Sheriff's Department. <u>Monell v. New York City Department of Social Services</u>, 98 S.Ct. 2018 (1978). In short, for Stewart County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Stewart County that would result in a denial of medical care. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                         /s/ Todd Campbell
                                                                         Todd Campbell
                                                                          United States District Judge